**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BUSCHMAN | No. C-13-1787 EMC |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE** |
| ANESTHESIA BUSINESS CONSULTANTS LLC; and DOES 1 through 100, inclusive | |
| Defendants. | |

Before the is Defendant Anestheisa Business Consultants LLC's motion to dismiss Plaintiff's complaint as barred by the statute of limitations. Dkt. No. 26. Defendant removed the instant action from California superior court on the basis of diversity jurisdiction. Dkt. No. 1. The notice of removal fails to demonstrate the existence of complete diversity in this case.

This Court has an obligation to assure itself that it has subject matter jurisdiction over this action. *See Csibi v. Fustos*, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (noting that lack of subject matter jurisdiction can be raised *sua sponte* by a court at any time as it is "the duty of the federal courts to assure themselves that their jurisdiction is not being exceeded"). In order for diversity jurisdiction to exist, there must be complete diversity between the parties. *See* 28 U.S.C. § 1332(a)(1); *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008). Here, in the notice of removal, Defendant asserts that "Defendant ABC, both at the time the state court action was filed and at present, is a resident of the State of Delaware, incorporated and existing under the laws of the

State of Delaware and has its principal place of business in Jackson, Michigan." Dkt. No. 1, at 2. Plaintiff is alleged to be a citizen of California. *Id.*

Defendant 's notice of removal fails to adequately allege facts demonstrating that this Court has jurisdiction. For purposes of determining diversity jurisdiction, a limited liability company is deemed to have the citizenship of *each of its members*. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of *every* state of which its owners/members are citizens." (emphasis added)). An LLC's principal place of business of state of organization is irrelevant to this analysis. Because the notice of removal contains no allegations regarding the citizenship of each of Defendant's members, this Court is unable to determine if there is complete diversity between the parties and thus, whether it has subject matter jurisdiction over this dispute. *See, e.g., Wagner v. Spire Vision LLC*, No. 13-00054 YGR, 2013 WL 941383, at *1 (N.D. Cal. Mar. 8, 2013) (remanding action to state court because "Defendants have failed to allege adequately the citizenship of all the parties to this action. Limited liability companies, or LLCs, are like partnerships in that they are a citizen of every state where its owners and members are citizens."); *Nguyen v. BrooksAmerica*, No. CV 09-7054-JFW, 2009 WL 3162435, at *1 (C.D. Cal. Sept. 29, 2009) (dismissing for lack of subject matter jurisdiction, in part, because "Plaintiffs have failed to specifically allege . . . the citizenship of each member of the LLC defendant.").[1]

Accordingly, the parties are **ORDERED TO SHOW CAUSE** why this action should not be remanded to California state court for lack of subject matter jurisdiction. Specifically, by 5:00 p.m., Monday, April 21, 2014, Defendant shall file a statement in which it lists *each* of its members and the States of which they are citizens. To the extent that any of Defendant's members are themselves unincorporated entities, the statement shall list the identity and citizenship of that members' members. *See, e.g.*, *Hicklin Engineering, L.C. v. Bartell, et al.*, 439 F.3d 346 (7th Cir. 2006) ("A

---

[1] The Court's jurisdictional concerns is elevated by the fact that Defendant's website reveals a physical presence in California. *See* www.anesthesiallc.com/index.php/about-abc/our-locations While this fact alone does not mean that Defendant is a citizen of California, it raises the possibility that Defendant may have a member who is a California citizen.

federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships.").

IT IS SO ORDERED.

Dated: April 18, 2014

_____
EDWARD M. CHEN
United States District Judge