UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN BUSCHMAN,<br><br>          Plaintiff,<br><br>    v.<br><br>ANESTHESIA BUSINESS CONSULTANTS LLC,<br><br>          Defendant. | Case No. 13-cv-01787-EMC (JSC)<br><br>**ORDER REGARDING APRIL 30, 2014 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 39 |

        This diversity jurisdiction breach of contract and negligence action arises out of Defendant's failure to maintain an UNUM group disability insurance policy that would have covered Plaintiff Alan Buschman. Defendant's summary judgment motion is currently submitted before the assigned district court judge, and jury trial is scheduled to commence in September of this year. Fact discovery closed on March 20, 2014.

        Now pending before the Court is the parties' joint discovery letter. Plaintiff seeks, in effect, a protective order to prohibit Defendant from conducting additional discovery after the fact discovery deadline. After carefully reviewing the parties' letter and attached exhibits, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and rules as it set forth below.

    **1.**     **UNUM Subpoena**

        The Court will not quash the April 2, 2014 subpoena to the extent it seeks the same documents that were sought by the October 2013 subpoena which was inadvertently overlooked by the subpoenaed party. However, Defendant may not seek any new documents, for example, request no. 9. Defendant offers no explanation for why it could not seek such documents before the discovery cut off.

**2.     Supplemental Interrogatory Responses & Amended Initial Disclosures**

Plaintiff seeks a ruling that Defendant cannot call as witnesses persons not identified in their initial disclosures or responses to interrogatories before the close of fact discovery.

Federal Rule of Civil Procedure 26(e), entitled "Supplementing Disclosures and Responses" provides:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, . . .—must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, *and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*."

Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). Plaintiff does not dispute Defendant's explanation of how Plaintiff has been aware of the witnesses whom Defendant added to its disclosures and interrogatories. Thus, Plaintiff had "otherwise been made known" of the witnesses during the discovery process and no amendment or supplement to Defendant's discovery responses was even required. *See* William W. Schwarzer, et al. *Federal Civil Procedure Before* Trial ¶ 11:1245-46 (2011); *Medora v. CCSF*, 2007 WL 2221069 *1 (N.D. Cal. Aug. 2, 2007) (holding that failure to include names of witnesses in initial disclosures was harmless when opposing party separately had knowledge of those persons). The Court therefore declines to strike the supplementary interrogatory responses or amended disclosures. Despite both parties being aware of these witnesses during the discovery period, no party sought to depose them. That is where the record will stand.

**3.     Request for Document Supplementation**

Defendant may seek the requested attachment from third party PRJ Insurance Marketing, Inc. The attachment is responsive to timely served discovery.

**IT IS SO ORDERED.**

Dated: May 5, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge